UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

 Plaintiff,

and

BAY MILLS INDIAN COMMUNITY,
SAULT STE. MARIE TRIBE
OF CHIPPEWA INDIANS,
GRAND TRAVERSE BAND OF
OTTAWA AND CHIPPEWA
INDIANS, LITTLE RIVER BAND
OF OTTAWA INDIANS, and
LITTLE TRAVERSE BAY BANDS
OF ODAWA INDIANS,

 Plaintiff-Intervenors/Counter-Defendants,

v.

STATE OF MICHIGAN, *et al.*,

 Defendants/Counter-Claimants.
_____/

Case No. 2:73 CV 26

Hon. Richard Alan Enslen

**ORDER**

Plaintiff-Intervenors/Counter-Defendants Bay Mills Indian Community, Sault Ste. Marie Tribe of Chippewa Indians, Grand Traverse Band of Ottawa and Chippewa Indians, Little River Band of Ottawa Indians, and Little Traverse Bay Bands of Odawa Indians (who are federally recognized Native American tribes, referring to themselves as "The Tribes") have moved for an *in limine* ruling which would preclude Defendants/Counter-Claimants State of Michigan, *et al.* from introducing evidence to establish that the 1855 Treaty of Detroit, 11 Stat. 621, abrogated the Tribes' inland hunting and fishing rights under Article 13 of the 1836 Treaty of Washington, 7 Stat. 491.  Defendants/Counter-Claimants

have opposed the Motion.  Plaintiff United States of America has also filed a brief joining the relief sought by the Tribes.  Oral argument of the matter is unnecessary.

This is not a new subject or dispute for the parties.  In 1979, Judge Fox affirmed the earlier ruling of the Michigan Supreme Court in *People v. LeBlanc*, 248 N.W.2d 199, 212 (Mich. 1976), to the effect that neither Article 3 or Article 5 of the 1855 Treaty operated to abrogate hunting or fishing rights recognized in the 1836 Treaty, and would not have been understood by the Tribes as doing so.  *United States v. State of Mich.*, 471 F. Supp. 192, 264 (W.D. Mich. 1979).  This has been the law of the case and of Michigan since those times.  Defendants/Counter-Claimants ask to present contrary expert evidence for the purpose of adding "historical perspective" and to permit either this Court or the Court of Appeals to *sua sponte* revisit past rulings.

While this Court appreciates wide latitude in fact finding, the resolution of this suit must be done within the context of proper case management and ordered due process.  The Tribes, for one, would be forced to prepare a lengthy historical defense were this issue to be presented at hearing.  The Court would also be forced to take lengthy testimony on this subject, even though the subject is foreclosed by the prior determinations and even though such testimony would delay the resolution of other live issues.  Such an invitation, though not improper *per se*, is not a wise or judicious use of the Court's or the parties' limited resources.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff-Intervenors/Counter-Defendants' Motion *in Limine* (Dkt. No. 1619) is **GRANTED** and the parties shall not offer evidence to the effect that the 1855 Treaty of Detroit abrogated the Tribes' inland hunting and fishing rights under Article 13 of the 1836 Treaty of Washington.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>September 22, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |