UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

UNITED STATES OF AMERICA,

 Plaintiff,

                Case No. 2:73-CV-26

and

BAY MILLS INDIAN COMMUNITY,      Hon. Richard Alan Enslen
SAULT STE. MARIE TRIBE
OF CHIPPEWA INDIANS,
GRAND TRAVERSE BAND OF
OTTAWA AND CHIPPEWA
INDIANS, LITTLE RIVER BAND
OF OTTAWA INDIANS, and
LITTLE TRAVERSE BAY BANDS
OF ODAWA INDIANS,

 Plaintiff-Intervenors/Counter-Defendants,

                **ORDER**

v.

STATE OF MICHIGAN, *et al.*,

 Defendants/Counter-Claimants.
_____/

  This matter is before the Court on Proposed Intervenors Michigan Fisheries Resource Conservation Coalition, Stuart Cheney, Robert Andrus and the Walloon Lake Trust and Conservancy's Renewed Motion to Intervene. This Motion has been throughly briefed by the parties. Oral argument is unnecessary and would unduly delay the resolution of the Motion.

  Proposed Intervenors seek intervention after a recent Sixth Circuit Court of Appeals' decision affirming an earlier Order denying them intervention under both Federal Rule of Civil Procedure 24(a) (intervention of right) and 24(b) (permissive intervention). *See United States v. Michigan*, 424 F.3d 438, 443-45 (6th Cir. 2005). The Court of Appeals, as stated therein, understood the pertinent legal

issue raised by the pleadings as whether "with the exception of certain federal lands that have never passed out of federal control, the Tribes' treaty-reserved rights [under Article 13 of the 1836 Treaty of Washington] to hunt and fish outside the Great Lakes has ceased to exist." *Id.* at 444. The Court of Appeals viewed intervention as currently improper because it would "prematurely . . . interject management and regulatory issues . . . ." *Id.* at 445. This decision, however, expressly reserved the Proposed Intervenors' rights to seek later intervention at such time as the scope of the Tribes' usufructuary rights would be at issue. *Id.* at 446.

The ink was just dry on that Opinion when Proposed Intervenors filed their Renewed Motion to Intervene with this Court on September 29, 2005.[1] The Renewed Motion inquires whether usufructuary rights have been made an issue because of expert reports discussing usufructuary rights and discovery responses discussing usufructuary rights. Nevertheless, even in filing the Renewed Motion, the Proposed Intervenors do not seek to intervene provided that the scope of the case is not expanded beyond the narrow legal question originally presented (*i.e.,* whether the Treaty right to fish and hunt on state-owned lands and private lands, other than retained federal lands, has been extinguished because, under the Treaty language, the lands were "required for settlement.") (Renewed Mot. ¶ 8.)

This Court concurs with the United States' fine Memorandum in Opposition. The scope of this suit has not recently changed. The pleadings remain the same and remain focused on the legal meaning of the "required for settlement" clause. This narrow legal question does not involve any definition of the particular usufructuary rights of the Tribes, even though the historical question of the meaning of

---

[1] This was significantly before the mandate in the Court of Appeals' case (case no. 04-1864), which issued on October 17, 2005.

the "required for settlement" clause will occur in a context in which actual land usage is likely to form a part of the record for an interpretation of the Treaty language.[2]  This does not, however, connote any departure from the narrow legal undertaking presented by the pleadings.  As such, there has been no change since the filing of the Court of Appeals' decision and such decision remains the binding law of the case on this issue.  *See Hanover Ins. Co. v. Am. Eng. Co.*, 105 F.3d 306, 312 (6th Cir. 1997).

**THEREFORE, IT IS HEREBY ORDERED** that Proposed Intervenors Michigan Fisheries Resource Conservation Coalition, Stuart Cheney, Robert Andrus and the Walloon Lake Trust and Conservancy's Renewed Motion to Intervene (Dkt. No. 1643) is **DENIED**.

DATED in Kalamazoo, MI:  
November 3, 2005

      /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE

---

[2]The Court assumes, as did the Court of Appeals, that should this suit progress to a later phase involving the parsing of particular rights and management of lands, then all parties interested in such determinations (including Proposed Intervenors) would be permitted to intervene.