UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. 2:73-cv-26 |
| | ) | |
| and | ) | Honorable Paul L. Maloney |
| | ) | |
| BAY MILLS INDIAN COMMUNITY, SAULT STE. MARIE TRIBE OF CHIPPEWA INDIANS, GRAND TRAVERSE BAND OF OTTAWA AND CHIPPEWA INDIANS, LITTLE RIVER BAND OF OTTAWA INDIANS, and LITTLE TRAVERSE BAY BANDS OF ODAWA INDIANS, | ) ) ) ) ) ) | |
| Plaintiff-Intervenors, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| STATE OF MICHIGAN, et al., | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER SUSTAINING THE STIPULATING PARTIES' OBJECTION

In December 2022, the Court entered a scheduling order outlining the schedule for the Sault Tribe and *amici curiae* to file objections to the Proposed Decree and for the Stipulating Parties to file responses to the objections (ECF No. 2053). The Court granted an extension of those deadlines in January 2023 (ECF No. 2059). By February 2023, all the objections had been filed, and by April 2023, all responses to the objections had been filed. The Court held an objections hearing on May 24 and 25, 2023, and it allowed the parties to submit proposed findings of fact and conclusions of law following the objections hearing.

Now, nearly six months after the Sault Tribe's objections were due, it has filed a "supplemental filing re economic issues" (ECF No. 2127), to which the Stipulating Parties

object (ECF No. 2128). The supplemental filing repeats arguments regarding the issuance of a case management order and the setting of a trial schedule (*see* ECF No. 2127 at PageID.15049-50), which the Sault has already raised and the Court has specifically rejected (*see* ECF No. 2114). Moreover, the supplemental filing contains an attachment, a report authored by Philip A. Meyer regarding the economic sustainability of commercial fishing in the Sault Tribe,[1] which appears to be an attempt by the Sault Tribe to offer some evidentiary support for its objections (ECF No. 2127-1).

The Court will sustain the Stipulating Parties' objection to the supplemental filing and attached report, disregard the filing, and strike it from the record. The Sault's effort to support its objections its far too late. The Sault Tribe is the only party that chose not to support its position regarding the entry of the Proposed Decree with expert or other documentary support. Thus, the Sault waived its right to do so later, and the Court declines to consider the supplemental filing when determining whether to adopt the Proposed Decree. *See Clabo v. Johnson & Johnson Health Care Sys., Inc.*, 982 F.3d 989, 995–96 (6th Cir. 2020); *Ordos City Hawtai Autobody Co., Ltd. v. Dimond Rigging Co., LLC*, 695 F. App'x 864, 870–72 (6th Cir. 2017); *Sexton v. Uniroyal Chem. Co.*, 62 F. App'x 615, 618 (6th Cir. 2003); W.D. Mich. LCivR 7.1(b).

---

[1] Curiously, the report is dated January 4, 2019, meaning the Sault had this report in its possession long before its deadline to file objections to the Proposed Decree. It is unclear why the Sault chose to wait until after the deadline to file objections to file this report.

**IT IS HEREBY ORDERED** that the Stipulating Parties' objection to the filing of the Sault Tribe's supplemental filing (ECF No. 2128) is **SUSTAINED.** The supplemental filing (ECF No. 2127) shall be **STRICKEN** from the record.

**IT IS SO ORDERED**.

Date: August 4, 2023 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge